### NICKERSON v. BIGELOW.

#### (District Court, E. D. Wisconsin. August 7, 1894.)

WRONGFUL DEATH—MEASURE OF DAMAGES.
   Four thousand dollars, allowed as the pecuniary value to wife and children of the life of an able seaman, 26 years of age, sober, industrious, and of good physique, whose yearly earnings applicable to their benefit amounted to about $300.

This was a libel by Harold W. Nickerson, administrator of the estate of Erik Anderson, to recover damages for death caused by collision.

Frank M. Hoyt, for libelant.
C. E. Kremer, for respondent.

SEAMAN, District Judge. This is a libel to recover for the death of Erik Anderson, alleged to have been caused by the negligence of respondent's steamer Robert Holland, having two barges· in tow, and colliding with the schooner William Aldrich, November 1, 1891, off Pilot island, on Lake Michigan. The question of liability must be treated as ruled by the decision of this court in Poppe v. Bigelow (The Robert Holland and The Parana) 59 Fed. 200,. for the present consideration. The only matter for determination is, therefore, the amount of damages; the death of Erik Anderson appearing, at least presumptively, while serving on board the schooner William Aldrich.. The statute of Wisconsin, which applies here, limits the amount of recovery where death ensues to $5,000. The allowance must be based entirely upon the showing of pecuniary loss suffered by the wife and children in their deprivation of the fruits of his labor and services by his untimely death. No consideration of sympathy or sentiment can enter in. It demands a sober judgment of the productive value of a life. There are no certain standards

for any case, and there are many contingencies upon productive life which do not enter into the standard tables of life expectancy. The fact that a statute limits all recoveries to a minimum amount should not be regarded as instituting any comparative estimate of the value of lives, but only as a limitation for all cases.

The testimony shows that the deceased was 26 years of age, was an able seaman on the Aldrich, and had sailed about 9 or 10 years. He was sober, industrious, and of good physique; but there is no showing to warrant a presumption, if any could be indulged, of increase of earning capacity. I think it satisfactorily appears that his gross earnings for a sailing season were about $300; and he worked in the winter season (in shipyards and other employments) and probably earned sufficient to cover any further personal expenses; so that nearly $300 remained at the end of the year for the benefit of the family. At his age and in his calling this rate may fairly be accepted as a criterion. For the libelant it is claimed that the full allowance of $5,000 should be adjudged upon this proof, because interest upon that sum would produce $300 at 6 per cent. per annum. This would not be a fair estimation, as the principal sum would remain for benefit after the termination of any life expectancy; the consideration should rather be of the probable value of an annuity charge to produce that income for the term of expectancy. There is difficulty in the application of life tables to this view; but I conclude, taking into account all the circumstances here shown, that an allowance of $4,000 would be just and reasonable; and judgment for the libelants will be entered for that amount, with costs.